# IN THE SUPREME COURT OF PENNSYLVANIA
## EASTERN DISTRICT

| | |
|---|---|
| JOHN J. DOUGHERTY, | : No. 443 EAL 2014 |
| | : |
| Petitioner | : |
| | : Petition for Allowance of Appeal from the |
| | : Order of the Superior Court |
| v. | : |
| | : |
| | : |
| | : |
| KAREN HELLER, | : |
| | : |
| Respondent | : |

## ORDER

**PER CURIAM**

**AND NOW**, this 4th day of February, 2015, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by petitioner are:

(1) Whether the Superior Court, *en banc*, erred by affirming the trial court's order that directly threatens the recognized privacy rights and compelling privacy interests of parties throughout Pennsylvania to protect their personal information obtained during pretrial discovery (including during their pretrial videotaped deposition) that has not yet been filed of record from non-litigation use and public dissemination, and irreconcilably conflicts with the law of pretrial discovery in Pennsylvania and decisions by the United States Supreme Court, the Pennsylvania Commonwealth Court, and the Pennsylvania Superior Court.

(2) Whether the Superior Court's *en banc* ruling below, that affirmed the trial court's order denying protective relief under Pa.R.C.P. 4012, should be reversed because (a) the ruling now elevates the burden of proving "good cause" in Pa.R.C.P. 4012 matters to a practically unattainable level and (b) Petitioner was entitled to minimal protective relief under Rule 4012 since his concern that his videotaped deposition was not sought for a legitimate purpose was sufficiently supported by ample record evidence of (i) opposing counsel's adamant refusal to limit the pretrial use of his deposition to the underlying litigation, (ii) opposing counsel's

disqualification for disloyalty to Petitioner, a former client, in another matter, (iii) longstanding animus and discord between the parties that existed both prior to and during this litigation, (iv) the earlier publication of admittedly false information about Petitioner by the Respondent that disparaged Petitioner's philanthropic actions, and/or (v) that Petitioner was the only one of seventeen deponents whose deposition was sought to be videotaped.